IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAMIMI YATA, JASMIN ZUKANCIC, and DARRIUS BUTTS, individually and on behalf of others similarly situated, | ) ) ) ) | |
| | ) | CASE NO. 17 CV 3503 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BDJ TRUCKING CO. and SENAD MUJKIC, | ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) | |

# THIRD AMENDED COMPLAINT

Plaintiffs Hamimi Yata, Jasmin Zukancic, and Darius Butts complain against Defendants BDJ Trucking Co. ("BDJ") and Senad Mujkic ("Mujkic") alleging claims under the Truth In Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2), the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115/9, and the Illinois common law of contract. Plaintiffs bring their claims as a putative class action pursuant to 735 ILCS 5/2-801.

## Introduction

1.  The first cause of action in this case arises under the Truth In Leasing Act ("TILA"), 49 U.S.C. § 14704(a)(2). TILA governs the terms and conditions under which owner-operator truckers lease equipment to federally-authorized motor carriers that transport freight in interstate commerce. *Id.* TILA regulations require the motor carrier's equipment lease to disclose all expenses that the carrier will "charge back to the operator" and all escrow payments that the owner-operator will make to the motor carrier. 49 C.F.R. § 376.12(h) & (k). The regulations also require the lease to disclose, in writing, the amount that the motor carrier will pay the owner-operator as compensation. *Id.* § 376.12(d).

2. Plaintiffs Yata and Zukancic allege that BDJ violated the TILA by deducting significant chargebacks and escrow payments from owner-operators' wages without disclosing those deductions in BDJ's equipment leases, by not paying interest on their escrow deductions, by not returning their escrow in full, and by not paying owner-operators at the per-mile rate promised in their equipment leases.

3. All three Plaintiffs also allege that Defendants violated their rights under the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS 115/3-4 & 9 by deducting sums from drivers' wages without their written authorization at the time of the deduction and by not paying drivers all agreed-upon wages due and owing to them.

4. BDJ – an Illinois trucking company – is a transportation carrier licensed with the U.S. Department of Transportation. It employs drivers to transport its customers' freight throughout the United States. During all relevant times, Defendant Mujkic has been BDJ's owner and Chief Executive Officer.

### Parties

5. Hamimi Yata worked as a truck driver for BDJ from approximately April 2013 to December 2013 and from approximately January 2015 until April 2016. He is a Cook County, Illinois resident and was an Illinois resident at all times that he worked for BDJ. During all times that Yata worked for BDJ, he was BDJ's employee for purposes of the IWPCA.

6. Jasmin Zukancic worked as a truck driver for BDJ from approximately July 2013 until March 2016. He is a DuPage County, Illinois resident and was an Illinois resident during all times that he worked for BDJ. During all times that Zukancic worked for BDJ, he was BDJ's employee for purposes of the IWPCA.

7. Darrius Butts worked as a driver for BDJ Trucking from approximately June 2015 until July 2015. He is a is a Cook County, Illinois resident and was an Illinois resident during all times that he worked for BDJ. During all times that Butts worked for BDJ, he was BDJ's employee for purposes of the IWPCA.

8. Defendant BDJ Trucking is an Illinois corporation headquartered in Niles, Illinois. BDJ is a transportation carrier licensed with the U.S. Department of Transportation. It employs drivers to transport its customers' freight in interstate commerce.

9. Defendant Senad Mujkic is the owner and CEO of BDJ. During all relevant times, Mujkic was aware of the unlawful activity alleged herein, and, during relevant times, was Plaintiffs' employer for purposes of the IWPCA. He controlled the terms and conditions of Plaintiffs' work at BDJ.

**Facts**

10. Defendant BDJ is a trucking company based out of Niles, IL.

11. During the past ten years, some of BDJ's drivers used company vehicles to perform their work, and BDJ paid them by the hour worked. This Complaint refers to drivers who drove BDJ-owned trucks as "company drivers."

12. Butts was a company driver, and BDJ agreed to pay him at a rate of $20 per hour. Butts performed all of his work for BDJ in the State of Illinois.

13. Other BDJ drivers (called owner-operator drivers) used their own semi-tractors to perform their work. For line haul work, BDJ agreed to pay owner-operator drivers by the mile driven. For local work, BDJ paid the owner-operator drivers by the hour. BDJ paid Yata and Zukancic in this manner.

14. From approximately May 2015 until August 2015, Yata performed local delivery work for BDJ, and he performed that work exclusively in Illinois.

15. From approximately April 2013 to December 2013, January 2015 to May 2015, and August 2015 to April 2016, Yata performed line haul work for BDJ.

16. When Yata performed line haul work for BDJ, he picked up a load of cargo in Illinois, dropped it off in a nearby state, and returned to Illinois, all within a period of less than twelve hours. When performing line haul work, Yata spent approximately 20-35% of his work-time in Illinois, depending on the work week.

17. From approximately July 2013 to December 2013 and May 2015 to August 2015, Zukancic performed local delivery work for BDJ, and he performed that work exclusively in Illinois.

18. From approximately December 2013 until May 2015 and from approximately September 2015 until March 2016, Zukancic performed line haul work for BDJ.

19. When Zukancic performed line haul work for BDJ, he usually picked up a load of cargo in Illinois, dropped it off in a nearby state, and returned it to Illinois, all within a period of less than twelve hours.

20. For one six-month period in 2014, Zukancic did trips to Tennessee and Oklahoma, and returned to Illinois every other day.

21. When performing line haul work, Zukancic spent approximately 20-35% of his work-time in Illinois, depending on the work week.

22. During the past six years, BDJ has contracted with over fifty owner-operator drivers to provide transportation service for its clients.

23. BDJ required many of its owner-operator drivers, including Yata and Zukancic, to sign a substantially identical contract with BDJ called a "Service Agreement." *See* Exhibit A (Yata and Zukancic Contracts). BDJ also required its owner-operator drivers, including Yata and Zukancic, to sign a "Lease Agreement" with BDJ (Exhibit B).

24. The Service Agreement or the Lease Agreement between BDJ and the owner-operator drivers served as the "equipment lease" required by regulations promulgated by the Truth In Leasing Act, 49 C.F.R. § 376.12.

25. As such, the owner-operator drivers leased their equipment (a semi-truck tractor) to BDJ, and in exchange, BDJ agreed to pay the drivers a certain rate per-mile when they performed line haul work.

26. Yata's contract, for example, promised a rate of $1.70 per practical mile.

27. During many weeks that Yata performed line haul work for BDJ, BDJ paid him less than $1.70 per practical mile.

28. BDJ sometimes paid Yata as little as $1.34 per practical mile for line haul work.

29. When Yata and Zukancic performed local delivery work, BDJ agreed to pay them at an hourly rate of $55 per hour.

30. During many weeks that Plaintiffs worked for the company, BDJ deducted significant amounts from Plaintiffs' and the other drivers' wages or final compensation. For example, BDJ deducted $150 each week for thirteen weeks for a so-called escrow account. BDJ said that it maintained the escrow account to pay for damages that Plaintiffs and the other drivers might cause to BDJ's trucks, trailers, or freight.

31. BDJ also made additional deductions to certain drivers' paychecks for various fines. These fines stemmed from, among other things, traffic tickets and safety violations.

32. Finally, BDJ made deductions from certain drivers' wages to reimburse BDJ for "occupational accident" insurance that BDJ claimed to have purchased on behalf of the drivers.

33. The deductions that BDJ made from Plaintiffs' wages were neither (1) required by law; (2) to the benefit of the Plaintiffs and the other drivers; (3) in response to a valid wage assignment or wage deduction order; nor (4) made with the express written consent of the employees, given freely at the time the deductions were made.

34. The deductions that BDJ made from Yata's and Zukancic's wages for an escrow account were not disclosed in Yata's and Zukancic's equipment leases with BDJ.

35. The deductions that BDJ made from Yata's and Zukancic's wages for occupational accident insurance were not disclosed in Yata's and Zukancic's equipment leases as a possible chargeback.

36. Mujkic was aware of and approved these illegal deductions from Plaintiffs' wages.

37. BDJ never paid interest on the owner-operator drivers' escrow account. It also never returned Yata and Zukancic's escrow deductions in full.

38. For these reasons, BDJ did not adhere to the terms of Yata's and Zukancic's equipment leases.

39. BDJ refused to pay the final paycheck that it owed to Butts.

### BDJ Controlled The Drivers

40. Under its equipment leases with Yata and Zukancic, BDJ agreed to maintain "exclusive possession and control of [the] leased equipment during all periods when the equipment is operated under the lease." 92 Ill. Admin. Code 1360.40. This possession and control also extended to "the drivers of leased equipment." *Id*.; *see also* Ex. A (Section I).

41. In addition, BDJ controlled all three Plaintiffs by requiring them to follow a number of company rules and procedures. Those rules and procedures are attached as Exhibit C.

### The Drivers' Service Was Performed at BDJ's Place of Business

42. Plaintiffs drove BDJ vehicles on the roadways to deliver BDJ's customers' freight at various locations throughout the country. As a trucking company, the roadways are BDJ's usual place of business.

43. Plaintiffs traveled to BDJ's office each week to deliver their daily logs and fuel receipts and to collect their paychecks.

### Butts Was Not Engaged In An Independently Established Trade or Occupation

44. Plaintiff Butts was not engaged in an independently established trade, occupation, profession, or business.

45. Plaintiff Butts performed no work for other trucking companies while he worked for BDJ, and he was wholly dependent on BDJ to assign him loads.

### Class Allegations

46. Plaintiffs Yata and Zukancic bring their TILA and breach of contract claims on behalf of themselves and all individuals or entities that signed equipment leases with BDJ between January 1, 2012 and April 7, 2017 ("the Owner-Operator Class").

47. The Class defined above satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48. The Class is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Since January 1, 2012, BDJ has employed more than fifty owner-operator drivers.

49. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether BDJ withheld escrow funds from the owner-operator drivers' compensation without disclosing those escrow funds in the drivers' equipment lease.

    b. Whether BDJ charged owner-operator drivers for insurance without specifying the chargebacks in the drivers' equipment leases.

    c. Whether BDJ paid interest on escrow funds as required by Truth In Leasing Act regulations;

    d. Whether BDJ adhered to the terms of its equipment leases with owner-operator drivers

50. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs Yata and Zukancic are members of the Class, and their claims are typical of the claims of all class members.

51. Plaintiffs' interests in obtaining monetary relief for BDJ's violations of the class members' rights are consistent with and are not antagonistic to those of any person within the class. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

### Count I – Truth In Leasing Act
### (On behalf of Owner-Operator Class against BDJ)

52. Plaintiffs incorporate all prior allegations as if fully stated herein.

53. BDJ is a motor carrier licensed with the U.S. Department of Transportation.

54. Pursuant to the Truth in Leasing Act regulations, 49 C.F.R. § 376.11, BDJ signed equipment leases with Yata, Zukancic, and the other Owner-Operator Class members.

55. Under the Truth in Leasing Act regulations, an authorized carrier may perform authorized transportation in leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

56. Those regulations require an authorized carrier to disclose all "chargebacks" and "escrow deductions" in the equipment lease. *Id.* § 376.12(h) & (k). Additionally, under the regulations, the required lease provisions must be "adhered to and performed by the authorized carrier." *Id.* § 376.12 (introductory paragraph). Finally, the regulations require the carrier to pay interest on the amounts that it holds in escrow. *Id.* § 376.12(k)(5).

57. BDJ made chargebacks and escrow deductions to Yata's, Zukancic's, and the other owner-operator drivers' pay, even though those chargebacks and escrow deductions were not disclosed in the drivers' equipment leases.

58. BDJ never paid interest on the amounts that it deducted in escrow from Yata's, Zukancic's, and the other owner-operator drivers' pay.

59. In the equipment leases, BDJ agreed to pay Yata and the other owner-operator drivers a certain rate per mile for line haul work.

60. BDJ frequently paid Yata and the other owner-operator drivers at a rate per mile that was less than the rate promised in their equipment lease.

61. BDJ did not adhere to the terms of its leases with owner-operator drivers.

62. Under 49 U.S.C. § 14704(a), BDJ is liable to Yata, Zukancic, and the other owner-operator drivers for the damages that they suffered on account of BDJ's regulatory violations.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against BDJ and issue an order:

    a. Certifying this case as a class action pursuant to Rule 23(b)(3);

    b. Appointing Plaintiffs Yata and Zukancic as representative of the Owner-Operator Class;

    c. Requiring BDJ to provide each of the Owner-Operator Class members an accounting of all transactions with BDJ and provide all documentation necessary to confirm the validity of the computations.

    d. Enter judgment against BDJ for all damages that the Owner-Operator Class members incurred as a result of its violations of the Truth In Leasing Act regulations, including pre and post judgment interest.

    e. Award Plaintiffs' counsel their reasonable attorneys' fees and costs for their prosecution of this action, pursuant to 49 U.S.C. § 14704(e).

### Count II – Illinois Wage Payment and Collection Act
### Unlawful Deductions
### (On behalf of Yata and Zukancic against both Defendants)

63. Plaintiffs incorporate all prior allegations as if fully stated herein.

64. Defendants employed Plaintiffs Yata and Zukancic for purposes of the IWPCA.

65. Defendants agreed to pay Yata and Zukancic. Defendants agreed to pay Yata and Zukancic, a set hourly rate for local delivery work.

66. Defendants deducted amounts from Plaintiffs' wages for an escrow account, alleged damages to vehicles, occupational accident insurance, and fines, which deductions were not authorized by the Plaintiffs' employment agreements.

67. Defendant's wage deductions were neither (1) required by law; (2) to the benefit of the Plaintiffs; (3) in response to a valid wage assignment or wage deduction order; nor (4) made with the express written consent of the employee, given freely at the time the deductions were made.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a. Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/3, 4 & 9;

    b. Awarding the Plaintiffs all unpaid wages, including all amounts unlawfully deducted from their wages and final compensation, as provided by the IWPCA;

    c. Awarding the Plaintiffs penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 115/14(a);

    d. Requiring Defendants to pay all statutorily-required wages and enjoining Defendants from future IWPCA violations;

    e. Awarding the Owner-Operator Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    f. Awarding the attorney's fees and costs of this action as provided by the IWPCA; and

    g. Awarding such other relief as this Court deems just and proper.

### Count III – Illinois Wage Payment and Collection Act
### Failure to Pay All Wages Owed
### (On behalf of Yata against both Defendants)

68. Plaintiffs incorporate all prior allegations as if fully stated herein.

69. Defendants employed Plaintiff Yata for purposes of the IWPCA.

70. BDJ contracted with Plaintiff Yata to pay him a certain amount per mile for line haul work.

71. BDJ – with Mujkic's approval – paid Plaintiff Yata less per mile than was specified in his Service Agreement, or equipment lease.

### PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

    a. Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/3, 4 & 9;

    b. Awarding Yata all unpaid wages as provided by the IWPCA;

    c. Awarding Yata penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 115/14(a);

    d. Requiring Defendant to pay all statutorily-required wages and enjoining Defendant from future IWPCA violations;

    e. Awarding Yata prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    f. Awarding the attorney's fees and costs of this action as provided by the IWPCA; and

    g. Awarding such other relief as this Court deems just and proper.

## Count IV – Breach of Contract
### (On behalf of Owner-Operator Class against BDJ)

72. Plaintiffs incorporate all prior allegations as if fully stated herein.

73. Defendants contracted with Plaintiff Yata, Zukancic, and certain Owner-Operator Class members in written agreements substantially identical to the one attached hereto as Exhibit A & B.

74. Plaintiff Yata, Zukancic, and certain Owner-Operator Class members substantially performed all of their obligations under their contracts with Defendant.

75. Defendant breached the contracts with Plaintiff and certain Owner-Operator Class members by not paying them at the correct rate per mile for line haul work and by making unauthorized deductions from their wages.

## PRAYER FOR RELIEF

    a. Certifying this case as a class action pursuant to 735 ILCS 5/2-801;

    b. Appointing Plaintiffs Yata and Zukancic as representatives of the Owner-Operator Class;

    c. Appointing the undersigned counsel as class counsel;

    d. Awarding Plaintiffs and Owner-Operator Class members all wages due and owing to them under their contracts with Defendant;

    e. Awarding Plaintiffs' attorneys their fees based on the percentage of the common fund method; and

    f. Awarding such other relief as this Court deems just and proper.

### Count V – Illinois Wage Payment and Collection Act
### Unlawful Deductions
### (On behalf of Butts against both Defendants)

76. Plaintiffs incorporate all prior allegations as if fully stated herein.

77. Defendants employed Plaintiff Butts for purposes of the IWPCA.

78. Defendants agreed to pay Butts $20 per hour for all hours worked.

79. Defendants deducted amounts from Butts's wages for an escrow account, alleged truck damage, and occupational accident insurance.

80. Defendants' wage deductions were neither (1) required by law; (2) to the benefit of Butts or the other class members; (3) in response to a valid wage assignment or wage deduction order; nor (4) made with the express written consent of the employee, given freely at the time the deductions were made.

### PRAYER FOR RELIEF

    a. Declaring that the actions complained of herein violated the IWPCA, 820 ILCS 115/3, 4 & 9;

    b. Awarding Butts all unpaid wages, including all amounts unlawfully deducted from his wages and final compensation, as provided by the IWPCA;

    c. Awarding Butts penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 115/14(a);

    d. Requiring Defendants to pay all statutorily-required wages and enjoining Defendants from future IWPCA violations;

  e. Awarding Butts prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

  f. Awarding the attorney's fees and costs of this action as provided by the IWPCA; and

  g. Awarding such other relief as this Court deems just and proper.

## Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

_____
One of the Attorneys for the Plaintiffs

Matthew J. Piers
Christopher J. Wilmes
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100