IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAMIMI YATA and JASMIN ZUKANCIC, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | CASE NO. 17 CV 3503 |
| v. | ) ) ) | |
| BDJ TRUCKING CO. and SENAD MUJKIC, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) | |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

Plaintiffs, Hamimi Yata and Jasmin Zukancic, and Defendants, BDJ Trucking Co. and Senad Mujkic, have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's September 21, 2021 Order, the Court defines the Settlement Class as follows:

> All individuals or entities that signed equipment leases with BDJ between April 1, 2013 and April 1, 2017.

2. The Court finds that Class Counsel has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e)

of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

4. The Court directs Defendant to deposit a total of three hundred thousand dollars ($300,000) in the Class Counsel's Client Trust Account no later than thirty-five (35) days after the entry of this Order unless there is an appeal of this Order which would stay all deadlines pending resolution of any such appeal.

5. The Court directs payment to Class Counsel a total sum of $200,000, which shall be paid from the three hundred thousand dollars ($300,000) deposit referenced in paragraph 4 above. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur forty (40) days after the entry of this Order unless there is an appeal of this Order which would stay all deadlines pending resolution of any such appeal.

6. The Court directs Class Counsel to issue settlement checks to all Class Members who did not timely opt out of the Settlement, as contemplated by the Settlement Agreement. Class Counsel shall mail these checks to Class Members forty (40) days after the entry of this Order unless there is an appeal of this Order which would stay all deadlines pending resolution of any such appeal.

7. The Court hereby dismisses this case with prejudice against all Defendants. All Class Members herein release and forever discharge Defendant and the other Released Parties from claims outlined and described in Section III.3.A of the Settlement Agreement all Named

Plaintiffs release and forever discharge Defendant and the other Released Parties from claims outlined and described in Section III.3.B. of the Settlement Agreement.

ENTERED:

                                                  Sharon Johnson Coleman
                                                  United States District Court

Dated: January 19, 2022